UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>        Plaintiff,<br><br>    v.<br><br>ZACHERY JONES, et al.,<br><br>        Defendants. | Case No. 1:23-cv-00134-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 9)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

**I.  BACKGROUND**

Thomas Mills ("Plaintiff") is a state prisoner proceeding *pro se* with this action. The Court received the complaint commencing this action on January 27, 2023. (ECF No. 1). On February 8, 2023, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 9).

The Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action. Therefore, the Court will recommend that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the filing fee of $402.00 for this action in full if he wants to proceed with this action.

**II.  THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

1

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

### III. ANALYSIS

   *i. Strikes*

Plaintiff initiated this action on January 27, 2023.  (ECF No. 1).  The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of Mills v. State of California, C.D. CA, Case No. 2:20-cv-10047, ECF No. 30, in which Magistrate Judge Steve Kim and District Judge Dale Fisher found that Plaintiff had at least three "strikes" prior to filing the action.  The action was filed on October 27, 2020.  Id. at ECF No. 1.

The Court also takes judicial notice of: 1) Mills v. Long Beach Police Department, C.D. CA, Case No. 2:10-cv-09029, ECF No. 3 (dismissed as frivolous, malicious, or for failure to state a claim);[1] 2) Mills v. Los Angeles County Sheriffs Department, C.D. CA, Case No. 2:06-cv-03464, ECF No. 2 (dismissed for failure to state a claim);[2] 3) Mills v. Los Angeles County

---

[1] Washington v. Los Angeles County Sheriff's Dep't, 833 F.3d 1048, 1055 (9th Cir. 2016) ("[W]e hold that a dismissal may constitute a PLRA strike for failure to state a claim when *Heck's* bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA."). The Court also notes that Plaintiff did not seek injunctive relief challenging his conviction or sentence in this case. Mills v. Long Beach Police Department, C.D. CA, Case No. 2:10-cv-09029, ECF No. 3-1, p. 3.

[2] El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) ("Notwithstanding the fact that failure to exhaust is an affirmative defense, a 'complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face.'") (alteration in original) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)); see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) ("[I]n those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim.").

Sheriffs Department, C.D. CA, Case No. 2:06-cv-03465, ECF No. 2 (dismissed for failure to state a claim);³ 4) Mills v. Los Angeles County Sheriffs Department, C.D. CA, Case No. 2:06-cv-00681, ECF No. 2 (dismissed for failure to state a claim); 5) Mills v. State of California, C.D. CA, Case No. 2:20-cv-10047, ECF No. 30 (dismissed for failure to state a claim);⁴ 6) Mills v. State of California, 9th Cir., Case No. 21-55292, ECF No. 21 (appeal dismissed as frivolous).

Based on the actions and appeal listed above, the Court finds that Plaintiff had at least three "strikes" prior to filing this action.

### ii. Imminent Danger

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). See also Martin, 319 F.3d at 1050 ("[C]onclusory

---

³ See Footnote 2.
⁴ See Footnote 2. In addition to dismissing the case for failure to exhaust administrative remedies, the Court found that Plaintiff failed to state a claim against any defendant. Mills v. State of California, C.D. CA, Case No. 2:20-cv-10047, ECF No. 30, p. 2. As to defendant State of California, the court found that Plaintiff failed to state a claim because "the State of California is immune from suit under the Eleventh Amendment." Id. "Congress' omission of immunity-based dismissal from the strike provision in § 1915(g) evidences its intent generally not to include this dismissal ground as a strike." Harris v. Harris, 935 F.3d 670, 675-76 (9th Cir. 2019). However, "there are rare cases where an affirmative defense, such as immunity, may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim," id. at 676, and as Plaintiff was apparently attempting to sue the State of California for money damages in federal court, the Court finds that this is one of those "rare" cases.

assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)). See also Ray v. Lara, 31 F.4th 692, 701 (9th Cir. 2022) ("[I]n order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court.").

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

Plaintiff alleges that on June 6, 2021, officers at North Kern State Prison used excessive force on him. In a subsequently filed affidavit, Plaintiff also alleges he was denied medical care while at North Kern State Prison. (ECF No. 8, p. 2).

There are no allegations in either Plaintiff's complaint or his subsequently filed affidavits suggesting that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint. The alleged excessive force incidents occurred in June of 2021, approximately a year and a half before Plaintiff filed the complaint commencing this action. Moreover, the incidents occurred at North Kern State Prison, and Plaintiff was incarcerated at San Quentin State Prison when he filed his complaint (ECF No. 1, p. 1).

As Plaintiff is a "three-striker" and was not in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if

he wants to proceed with the action.[5]

## IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis* (ECF No. 9) be DENIED; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 8, 2023**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[5] The Court notes that, in addition to filing an application to proceed *in forma pauperis*, Plaintiff submitted case law concerning the filing fee. (ECF Nos. 2 & 10). Plaintiff cites to Owens v. Keeling, 461 F.3d 763 (6th Cir. 2006), which found that the plaintiff did "not have to pay a second filing fee for refiling his complaint after it was initially dismissed without prejudice for failure to exhaust." Id. at 772. However, the Owens decision was based on the exhaustion procedures in the Sixth Circuit, which included "heightened pleading standards." Id. at 772-73. Thus, "*Owens* is inapplicable in this case. Unlike the plaintiff in *Owens*, here plaintiff was not subject to the heightened-pleading standard the Sixth Circuit was then requiring prisoners to meet by pleading and demonstrating exhaustion." Slaughter v. Carey, 2007 WL 1865501, at *1 (E.D. Cal. June 28, 2007). See also Perkins v. Hartwick, 2022 WL 17415070, at *2 (E.D. Cal. Dec. 5, 2022).