UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS, | No. 1:23-cv-00134-ADA-EPG (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | |
| ZACHERY JONES, et al., | ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND MOTION TO PROCEED UNDER IMMINENT DANGER EXCEPTION |
| Defendants. | |
| | ORDER DENYING PLAINTIFF'S MOTIONS TO STAY |
| | ORDER REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL WITHIN THIRTY DAYS |
| | (ECF Nos. 9, 11, 14, 19, 20) |

Plaintiff Thomas Mills ("Plaintiff") is a state prisoner proceeding *pro se* in this action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 9, 2023, the assigned Magistrate Judge entered findings and recommendations, recommending that Plaintiff's application to proceed *in forma pauperis* to be denied pursuant to 28 U.S.C. § 1915(g), and that Plaintiff be directed to pay the filing fee if he wants to proceed with this action. (ECF No. 11 at 5.) The Court provided Plaintiff fourteen days to file objections. (*Id.*)

1

On February 15, 2023, Plaintiff filed a motion to proceed under the imminent danger exception. (ECF No. 14.) On February 21, 2023, Plaintiff filed objections to the findings and recommendations and a First Amended Complaint. (ECF Nos. 17, 18.) On February 23, 2023, Plaintiff filed a motion to stay the case until after he is released. (ECF No. 19.) On February 24, 2023, Plaintiff filed a second motion to stay the case until after he is released. (ECF No. 20.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and by proper analysis.

As Plaintiff has at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff, was at the time the complaint was filed, in imminent danger of serious physical injury. (*See* ECF No. 11 at 2-3.) There are no allegations in either Plaintiff's complaint, Plaintiff's First Amended Complaint, or his filed affidavits that suggest that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint. (*See* ECF Nos. 5, 8, 11, 18.) The alleged excessive force incidents occurred in June 2021, approximately a year and half before Plaintiff commenced this action on January 27, 2023. (*See* ECF No. 1.) Therefore, the Court adopts the findings and recommendations and denies Plaintiff's motion to proceed in this case under the imminent danger exception of the three strikes rule. (*See* ECF Nos. 11, 14.)

The Court also denies Plaintiff's motions to stay his case until thirty or ninety days after he is released on August 2, 2023. (*See* ECF Nos. 19, 20.) Plaintiff bases his motion to stay on Local Rule 144 and Rule 6 of the Federal Rules of Civil Procedure. (*See* ECF No. 19 at 3.) Local Rule 144 and Rule 6 do not govern the instant motions to stay. Rather, Local Rule 144 and Rule 6 govern the extending and shortening of time for a party to file responsive papers, such as an opposition to a dispositive motion or objections to a Magistrate Judge's findings and recommendations. Plaintiff explains that he cannot pay the filing fee because he does not have a job and is indigent. (*See* ECF No. 20 at 2.) Plaintiff's indigency is irrelevant to his motions to stay, given the three strikes rule precludes him from obtaining *in forma pauperis* status. *See* 28

U.S.C. § 1915. Therefore, the Court finds no reason to stay this case for the requested period because Plaintiff does not explain why this case should be stayed for over six to nine months, with the case beginning, at the earliest, in September 2023.

The Court considers dismissing, without prejudice, Plaintiff's case, meaning Plaintiff may refile his action after he is released. Plaintiff does not explain any prejudice that he would suffer if his case were dismissed without prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later to the same court, with the same underlying claim."). Plaintiff, instead, asserts that the statute of limitations will not expire by the date he intends to pay the filing fee. (ECF No. 19 at 3.)[1] Therefore, if Plaintiff does not pay the full filing fee within thirty days of service of this order, the Court will dismiss Plaintiff's case, without prejudice.

Accordingly,

1. The findings and recommendations issued on February 9, 2023, (ECF No. 11), are adopted in full;

2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis*, (ECF No. 9), is DENIED;

3. Plaintiff's motion to proceed under the imminent danger exception, (ECF No. 14), is DENIED;

4. Plaintiff's motions to stay the case, (ECF Nos. 19, 20), are DENIED;

5. If Plaintiff wishes to proceed with this action, Plaintiff shall pay the $402 filing fee in full within thirty days of the date of service of this order; and

///

///

///

---

[1] Plaintiff also asks the Court "what does this two-year tolling mean as far as the Statute of Limitations is concerned?" (ECF No. 19 at 14.) The Court does not provide legal advice.

6. If Plaintiff fails to pay the filing fee in full within thirty days, this action will be dismissed without prejudice and without further notice.

IT IS SO ORDERED.

Dated:   March 27, 2023

_____
UNITED STATES DISTRICT JUDGE